# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSSISSIPI
# NORTHERN DIVISION

**CYNAHMON LEE**                                                             **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 3:22-cv-00707-HTW-LGI**

**ALFA GENERAL INSURANCE CORPORATION;**
**ALFA INSURANCE CORPORATION;**
**ALFA MUTUAL GENERAL INSURANCE COMPANY**       **DEFENDANTS**

## ORDER

BEFORE THIS COURT is Plaintiff Cynamon Lee's ("Lee") Motion For Remand **[Docket no. 3]**. Lee filed this dispute against the above-named Alfa Defendants in the Circuit Court of Smith County, Mississippi (hereinafter referred to as "state court"). After said filing, Defendants removed this lawsuit from state court to this federal forum on the basis of diversity jurisdiction as granted by Title 28 U.S.C. § 1332[1].

By her motion, Plaintiff asks this court to remand this lawsuit to the Circuit Court of Smith County, Mississippi. The parties are diverse in citizenship as required for subject matter jurisdiction under Title 28 U.S.C. § 1332, but Plaintiff asserts that the amount in controversy here does not exceed the statutory minimum of $75,000, exclusive of interests and costs required for §1332 diversity subject matter jurisdiction. In support of her assertion, Plaintiff has submitted a sworn affidavit attesting that she will not seek more than Seventy-Four Thousand Five Hundred Dollars ($74,500,00) in damages from the Defendants [Doc. 3-1]. This sworn statement, says Lee, strips this court of diversity jurisdiction over this matter.

---

[1] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
28 U.S.C.A. § 1332 (West)

Defendants, however, claim that "it is facially apparent" from Lee's Amended Complaint [Doc. 1-1] that the amount in controversy is at least $100,000.00. Lee seeks judgment against the Alfa Defendants for the "full policy limits" of the uninsured motorist ("UM") coverage available to her under the Defendants' insurance policies. This total available UM coverage amount available to Lee is $100,000.00. The parties in this matter are diverse, therefore, according to Defendants, this matter falls squarely within the purview of §1332 jurisdiction.

## I. PARTIES

Cynahmon Lee is an adult resident of Forrest County, Mississippi [Doc. 1-1].

Alfa General Insurance Corporation, Alfa Insurance Corporation, and Alfa Mutual General Insurance Company ("Alfa Defendants") are all foreign entities, organized under the laws of the State of Alabama, each with its principal place of business in Alabama [Doc. 1].

## II. BACKGROUND

This lawsuit involves a September 10, 2021, automobile accident between Lee and the vehicle of another Mississippi resident, Devin Harris ("Harris") in Hattiesburg, Forrest County, Mississippi. Prior to this accident, on May 2, 2021, Patrick Flagg and Audarshia Flagg had contracted with the Alfa Defendants to obtain automobile insurance [Doc. 1-2] ("the Alfa policy"). Lee, the plaintiff herein, is listed as a "primary and related driver", as well as "a household member" under the Alfa policy. The policy was effective from May 2, 2021through November 2, 2021, and provided uninsured/underinsured motorist coverage of $25,000 for five (5) vehicles. *Id.*

On September 10, 2021, Lee and Harris were involved in a motor vehicle accident. On September 21, 2022, Lee filed an Amended Complaint[2] against Alfa Defendants and Harris

---

[2] This court has before it no information regarding Lee's original state court Complaint. In their notice of removal, the Alfa Defendants state that "on September 21, 2022, the Plaintiff commenced this civil action by fining an Amended Complaint against the Alfa Defendants and Devin Harris in the Circuit Court of Smith County, Mississippi." [Doc. 1, p.2].

seeking damages for Harris' alleged negligence. Lee sought judgment against Harris for compensatory damages for his alleged negligence. She sought from the Alfa Defendants "the limits of the uninsured/underinsured motorist coverage under the policies in the amount that the jury feels is fair and reasonable and all costs of the Court" [Doc. 1-1].

Harris had an automobile insurance policy through Geico Insurance Company, which policy had a bodily injury liability limit of $25,000 per person. On December 5, 2022, the Circuit Court of Smith County dismissed defendant Harris, the only Mississippi resident, with prejudice from this action [Doc. 1-3] based on a settlement between Lee and Harris in the amount of Harris's policy limit ("$25,000).

On December 6, 2022, Alfa Defendants removed the action from state court to this Court, stating that 28 U.S.C. § 1332 diversity jurisdiction has been satisfied since Harris was dismissed. The Notice of Removal was filed December 8, 2022. Alfa Defendants maintain since Mississippi law allows stacking[3], the total amount of UM coverage available to Lee under the Alfa policy is $100,000, after the $25,000 setoff for Harris's liability insurance limits. This amount, say the Defendants, satisfies the requirements of 28 U.S.C. § 1332(a) [Doc. 1].

## III.   DISCUSSON

Federal courts are courts of limited jurisdiction. *See Settlement Funding, L.L.C. v. Rapid Settlements, LTD.*, 851 F.3d 530 (5th Cir. 2017). The removing party must show that removal is proper, *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Any doubt

---

[3] In the liability insurance context, the term "stacking" refers to taking policy limits from multiple, but not overlapping, policies potentially covering the same lawsuit and adding those limits together. *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.,* 903 F.3d 435 (5th Cir. 2018) In Mississippi, insured parties can aggregate or "stack" individual UM policies for a given claim. *See Meyers v. American States Ins. Co.*, 914 So.2d 669, 673 (Miss. 2005) ("[I]t is necessary in Mississippi to aggregate or stack all (uninsured motorist) coverage limits applicable to the (injured) insured.")).

about whether removal is proper should be resolved against the exercise of federal jurisdiction. *Id.* at 537. "Once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided the plaintiff has not shown that it is legally certain that his recovery will not exceed' the jurisdictional threshold." *Clayton v. Denbury Operating Co.*, 2017 U.S. Dist. LEXIS 202945, at *2-3 (S.D. Miss. Dec. 11, 2017) (quoting *White v. FCI USA*, Inc., 319 F.3d 672, 676 (5th Cir. 2003).

Where the complaint is silent about the specific amount of damages sought, this court may consider the nature and type of damages the plaintiff is seeking. *Haney v. Continental Cas. Co.* 2008 WL 5111021, at *1 (S.D. Miss. December 2, 2008). Further, where a plaintiff does not request a specific sum, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *De Aguilar*, 11 F.3d at 58. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary-judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d 880 at 883 (citing *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

This Court can consider post-removal affidavits, though, where the amount in controversy is not clear from the face of the plaintiff's complaint. *See Gebbia* at 883. Such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal; in other words, a plaintiff's post-removal affidavit is only considered when it clarifies a complaint that left the amount in controversy ambiguous. *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993). A plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached. *'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (finding that courts should address subject matter jurisdiction before addressing personal jurisdiction).

The demand for relief in Lee's Amended Complaint states, *inter alia*:

> 8. […] Plaintiff, Cynahmon Lee, sustained serious injuries. That the Plaintiff, Cynahmon Lee, has sustained, and will continue to sustain, excruciating physical and mental pain, anguish and discomfort. That the injuries of Plaintiff, Cynahmon Lee, are permanent and temporary in nature.
>
> 9. […] Plaintiff, Cynahmon Lee, was injured to such extent that it was necessary for her to incur substantial expenses for doctor bills, hospital bills, medical bills, and other necessary medical expenses, and she will continue to incur such expenses in the future.
>
> 10. […] Plaintiff, Cynahmon Lee, sustained substantial damages to her vehicle, and she is entitled to be compensated therefor.

[Doc. No. 1-1].

Lee claims that because she failed to request a specific amount in her *Amended Complaint*, at the time of removal, the amount in controversy was ambiguous.

In actions seeking declaratory or injunctive relief, the amount in controversy "is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*,

435 U.S. 333, 347 (1977). "In declaratory judgment cases that involve the *applicability of an insurance policy to a particular occurrence,* 'the jurisdictional amount in controversy is measured by the *value of the underlying claim* – not the face amount of the policy." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 353 (5th Cir. 2023) (emphasis added) (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911(5th Cir. 2002).

Lee's Amended Complaint states that Lee is seeking judgment against Alfa for the full "policy limits" for UM coverage under the Alfa Policy. (Amended Complaint [1-1] at ¶ 16). As shown by the Alfa Dec Pages, the Alfa Policy covers five vehicles, each of which has UM policy limits of $25,000.00 per person. (See Alfa Dec Pages [1-2]). Hence, according to the express demand in the Amended Complaint, the amount in controversy in this case is $125,000.00.

The same holds true even if the Court considers the setoff for Harris's Geico insurance policy limits. As stated, Harris's Geico policy had bodily injury liability limits of $25,000.00, which Harris paid to Lee in settlement. With the Geico setoff, the UM policy limits under the Alfa Policy is $100,000.00, so even considering the Geico setoff, Lee's Amended Complaint expressly demands $100,000.00 in UM benefits from Alfa.

The United States Court of Appeals for the Fifth Circuit has upheld a trial court's denial of remand based on the plaintiff's allegations "for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity and permanent disability and disfigurement." *Gebbia,* 233 F.3d 880 at 881. The Fifth Circuit in *Gebbia* determined these claims were facially apparent to exceed $75,000.00.

In another matter, the Fifth Circuit held that "the district court did not err in finding that the plaintiff's claims exceeded $75,000 because [instead of a finite amount], the plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital,

pain and suffering, humiliation, and temporary inability to do housework after hospitalization". *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

Here, Lee's Amended Complaint alleges a loss for property, hospital bills, medical bills, medical expenses, permanent injuries, and physical and mental pain. Further, as discussed *supra*, Lee's Amended Complaint clearly demands the full "policy limits" under the Alfa Policy. The policy limit is $100,000, even with the Geico insurance setoff for Harris's car insurance.

Based on the facts before the Court at the time of removal, and the applicable jurisprudence, this Court finds that Lee's damages claims in her Amended Complaint exceeded $75,000 at the time of removal. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (holding that amount in controversy is determined at the time of removal).

This Court is not persuaded by Lee's post-removal affidavit. The caselaw is clear that the Court may consider a plaintiff's post-removal affidavit only if the amount in controversy was ambiguous at the time of removal, and the affidavit "clarifies" instead of "reduces" the amount. *See Gebbia,* 233 F.3d at 883 (citations omitted).

Lee's post-removal affidavit does not "clarify" her demand. Her Amended Complaint was not ambiguous, so it needs no clarification. In this Court's eye, Lee's affidavit only seeks to "reduce" her demand to avoid this Court's proper jurisdiction. Lee has not shown and cannot show that it is "legally certain" that she cannot recover more than the jurisdictional minimum; therefore, Lee's Motion to Remand must be denied.

For the foregoing reasons, this court finds that it has subject matter jurisdiction over this matter, as complete diversity exists between the parties and the amount in controversy has been satisfied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff, Cynahmon Lee's, *Motion to Remand* **[Docket No. 3] is DENIED.**

**SO ORDERED THIS THE 21st DAY OF February, 2025.**

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE